IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANSOOR AHMED SOUSSI, | CASE NO. CV F 08-1235 LJO DLB |
| Plaintiffs, | **ORDER ON PLAINTIFF'S MOTION IN LIMINE** (Doc. 30) |
| vs. | |
| MICHAEL CHERTOFF, Secretary of Homeland Security, EMILIO GONZALEZ, Director of USCIS, DAVID STILL, District Director, USCIS, DON RIDING, Officer in Charge of the Fresno Office of USCIS, MICHAEL MAKASEY, Attorney General of the United States, and McGREGOR SCOTT, Former United States Attorney, Eastern District of California, | |
| Defendants. | |
| _____/ | |

This Court conducted a August 20, 2009 motion in limine hearing in Courtroom 4 (LJO). Plaintiff Mansoor Ahmed Soussi ("Mr. Soussi") appeared and argued by counsel James Makasian. Defendants Michael Chertoff, Secretary of Homeland Security, Emilio Gonzalez, Director of United States Citizenship and Immigration Service ("USCIS"), David Still, USCIS District Director, Don Riding, USCIC Officer in Charge of Fresno Office, Michael Makasey, United States Attorney General, and McGregor Scott, former United States Attorney for the Eastern District of California (collectively "Government") appeared by telephone by Assistant U.S. Attorney Christopher Westley Dempsey. Having considered the parties' arguments and exhibits, this Court ruled on the record. The Court issues the following order to incorporate the oral ruling of August 20, 2009.

1

**Motion to Exclude Testimony of Matthew Levitt, Ph.D.**

In this 8 U.S.C. §1421(c) action, Mr. Soussi requests the Court to conduct a de novo review of his naturalization application, and to grant him naturalization. The Government contends that Mr. Soussi's naturalization application should be denied, because Mr. Soussi lacks the good moral character necessary to naturalize. Specifically, the Government argues that Mr. Soussi failed to disclose his association with the Muslim Students Association ("MSA") and the Muslim Arab Youth Association ("MAYA").

Mr. Soussi moves to exclude from trial the testimony of Matthew Levitt, Ph.D. ("Dr. Levitt"). The Government has designated Dr. Levitt as an expert on international terrorism, counterterrorism, and intelligence. The Government seeks to elicit testimony from Dr. Levitt to provide background about MSA and MAYA, and to opine that these organizations have connections to terrorism. Dr. Levitt will testify that MSA and MAYA "are or have been tied to extremist groups that support terrorism or acts of political violence."

Mr. Soussi moves to exclude the testimony pursuant to Fed. R. E. 402, arguing that Dr. Levitt's proposed testimony is irrelevant to the issues in the case and likely to confuse the issues and mislead the Court. In addition, Mr. Soussi moves to exclude the testimony pursuant to Fed. R. E. 403, arguing that even if the testimony had some remote relation to the issue of Mr. Soussi's good moral character, its probative value would be far outweighed by its likely prejudicial effect.

The Court first considers whether the testimony is relevant. Federal Rule of Evidence 402 provides: "All relevant evidence is admissible, except otherwise provided...Evidence which is not relevant is not admissible." "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert v. Merrell Dow Pham., Inc.*, 509 U.S. 579, 591 (1993) (internal quotations and citation omitted). Thus, if expert testimony is irrelevant, it is inadmissible pursuant to Federal Rule of Evidence 402.

The issues in this action are: (1) Did Mr. Soussi provide false information to the Immigration and Naturalization Service; and (2) If so, did he provide that false information with the intent to gain an immigration benefit. Section 1101.6.

The Government maintains that the testimony is relevant to the second issue. The Government

argues that Mr. Soussi provided false information in that he failed to disclose that he was associated with MSA and MAYA.  The Government contends that by providing background on MSA and MAYA, Dr. Levitt's testimony will demonstrate that Mr. Soussi was aware of the nature of these organizations and, by extrapolation, Mr. Soussi's non-disclosure of his past associations was calculated to avoid any prejudice they might have on his naturalization application.  The Government argues that because Mr. Soussi provided false information, the Government should be able to provide circumstantial evidence to demonstrate that Mr. Soussi was aware of the suspicious activities of MSA and MAYA, and provided false information with the intent to gain an immigration benefit; namely, naturalization.

Mr. Soussi argues that the testimony about MSA and MAYA is irrelevant, because Mr. Soussi denies knowledge that MSA and MAYA were tied to terrorism.  Without this preliminary fact, asserts Mr. Soussi, the opinion of the expert is irrelevant.  Mr. Soussi argues that Dr. Levitt should not be allowed to testify unless the Government first proffers that Mr. Soussi knew at the time he gave testimony that MSA and MAYA were tied to extremist groups.

Having considered the parties arguments, this Court finds that Dr. Levitt's expert testimony is relevant to the issue of whether Mr. Soussi was aware of the nature of MSA and MAYA, and therefore provided false information with the intent to gain naturalization.  This Court makes no determination regarding the weight of the evidence, or the proof.  Accordingly, this Court DENIES Mr. Soussi's motion to exlude Dr. Levitt's testimony on relevance grounds.

Next, Mr. Soussi argues that Dr. Levitt's testimony should be excluded pursuant to Federal Rule of Evidence 403, which provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."  This Court will not be influenced emotionally by Dr. Levitt's testimony.  The Court will consider all evidence equally in the court trial.  Accordingly, Mr. Soussi's motion to exclude Dr. Levitt's testimony is DENIED.

IT IS SO ORDERED.

Dated: August 20, 2009                             /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE